## THE JUMPING JACK.

### THE PINTA.

No. 11589.

District Court, E. D. New York.

April 27, 1931.

As Amended May 27, 1931.

Macklin, Brown, Lenahan & Speer, R. F. Lenahan, and J. Dudley Eggleston, all of New York City, for libelant.

Hunt, Hill & Betts and J. W. Crandall, all of New York City, for claimant.

CAMPBELL, District Judge.

This is a suit to recover for damages alleged to have been caused by the motor vessel Pinta coming into contact with the motorboat Jumping Jack.

I find the facts as follows:

At all the times hereinafter mentioned, the libelant was the owner of the motorboat Jumping Jack, which up to the time of the happening hereinafter described was tight, staunch, strong, and in all respects seaworthy.

The motor vessel Pinta was during the pendency of process hereunder within this district and within the jurisdiction of this court.

On the early morning of September 16, 1929, the motorboat Jumping Jack was lying at anchor in the Promised Land Channel, Napeague Bay, in the vicinity of Goff Point, Long Island. The Jumping Jack did not have a proper anchor light set and burning.

The tide was flood, and the wind was light. About 4:26 o'clock a. m. daylight saving time, on that day, the motor vessel Pinta, traveling at a high rate of speed, came into contact with the starboard side of the stern of the motorboat Jumping Jack, damaging her and causing her to sink.

No anchor watch was maintained on the motorboat Jumping Jack. No efficient lookout was maintained on the motor vessel Pinta.

From the facts as found, it appears that both boats were at fault.

I recognize the force of the rule that the positive testimony of one on a boat as to what was done on that boat, especially when he testified that he did it himself, is entitled to greater weight than the negative testimony of others not on the boat; still I saw and heard the witness who testified on behalf of the libelant, and believe he was in error when he said that the anchor light was lighted before and at the time that the motor vessel Pinta came into contact with the motorboat Jumping Jack. The evidence on behalf of the claimant as to the nonexistence of the light is very convincing.

While the witness produced on behalf of the libelant, who said that the anchor light was lighted before and at the time that the motor vessel Pinta came into contact with the motorboat Jumping Jack was not the master of the boat and could not bind the claimant, still any statement made by him as to his actions at the time may be offered to contradict his testimony and considered solely on the question of his credibility.

He was also obviously in error as to the place where the Jumping Jack was anchored, as the evidence is overwhelming that she was anchored about in the middle of the channel, and not outside the channel.

To anchor in the channel without an anchor light, as required by article 11 of the Pilot Rules, was a fault, but did not make the Jumping Jack an outlaw.

Any proper lookout should have discovered the Jumping Jack at a greater distance than twenty feet from the motor vessel Pinta, and in such case the collision could have been avoided.

The Jumping Jack was not swinging across the channel and blocking it, but was lying about in the center of the channel nearly parallel with its sides, and leaving plenty of room on each side of her for the Pinta to pass.

In the face of all the evidence, I cannot find that a proper lookout was maintained on the Pinta, and, according to her all the superiority of right of a traveling vessel in a navigable channel over the Jumping Jack anchored therein without anchor lights or anchor watch, she cannot be freed from all blame, but must be held at fault for not maintaining such a watch.

I find as conclusions of law:

That the motor vessel Pinta was guilty of negligence in failing to maintain an efficient lookout, which, if maintained, would have prevented the collision, and in coming into contact with the motorboat Jumping Jack.

That the libelant and his motorboat Jumping Jack were guilty of negligence in failing to carry on said motorboat Jumping Jack an anchor light, as provided by article 11 of the Pilot Rules, while at anchor, and

were also guilty of negligence in falling to maintain an anchor watch.

That both the libelant and the motor vessel Pinta were at fault, and the damages must be divided between them.

That the motor vessel Pinta suffered no damage.

That the libelant is entitled to recover from the motor vessel Pinta one-half of the damage to the motorboat Jumping Jack, with interest and one-half costs, and to have a reference to determine such damages and interest.

A decree may be entered in favor of the libelant against the motor vessel Pinta for one-half damages, with interest and one-half costs, and the usual order of reference.

Settle on notice.

If this opinion is not considered a sufficient compliance with rule 46½ of the Rules in Admiralty, proposed findings of fact and conclusions of law in accordance herewith may be presented for the assistance of the court.